IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN ALPHONZO ADAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:13-CV-8 (MTT) ) |
| DR. BURNSIDE, *et al.*, | ) ) |
| Defendants. | ) ) ) |

# ORDER

Before the Court are Magistrate Judge Charles H. Weigle's Recommendation (Doc. 7), the Plaintiff's Objection (Doc. 11), the Plaintiff's Motion to Reconsider (Doc. 12), and the Plaintiff's Motion to Amend (Doc. 10). The Magistrate Judge recommends allowing the Plaintiff's Eighth Amendment claims against Dr. Burnside to go forward, but dismissing all other Defendants and claims. (Doc. 7 at 2). As noted, the Plaintiff has objected. With his objection, the Plaintiff attaches a Motion to Reconsider the Recommendation and a Motion to Amend the Complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Plaintiff's Objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Eighth Amendment claims against Dr. Burnside can go forward; however, the remaining Defendants and claims are **DISMISSED**.

The Plaintiff also moves the Court to reconsider the Magistrate Judge's Recommendation.  Though a Motion for Reconsideration is not a proper mechanism to oppose the Recommendation, the Court will consider the Motion.  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6.  "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, the Plaintiff has not met his burden.  He has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded the Recommendation's ruling was clearly erroneous.  Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.  (Doc. 12).

The Plaintiff has also filed a Motion to Amend his Complaint, which appears to ask the Court to amend the complaint to add back those Defendants the Magistrate Judge's Recommendation recommends dismissing.  Because the Court adopts the Recommendation, and its reasoning, these Defendants are **DISMISSED** from the action.  The Plaintiff's Motion to Amend does not alter the outcome of the Court's

-3-

determination to adopt the Recommendation in its entirety.  Accordingly, the Plaintiff's Motion to Amend is **DENIED**.  (Doc. 10).

    **SO ORDERED**, this 18th day of March, 2013.

                                    <u>S/ Marc T. Treadwell</u>
                                    MARC T. TREADWELL, JUDGE
                                    UNITED STATES DISTRICT COURT