IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:13-cv-8 (MTT) |
| | : | |
| DR. HALE BURNSIDE, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendant Dr. Hale Burnside. Doc. 24. Also before the Court is the Motion for Protective Order, the Motion to Strike, and the Motion for Summary Judgment filed by Plaintiff Allen Alphonzo Adams. Docs. 27, 28, 29. Because Plaintiff's failure to disclose numerous previously filed lawsuits represents an abuse of judicial process, and because Plaintiff fails to state a claim upon which relief may be granted, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 24) be **GRANTED** and that Plaintiff's three pending Motions (Docs. 27, 28, 29) be **DENIED** as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Allen Alphonzo Adams, who is proceeding *in forma pauperis* in the above-styled case, is an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia. Doc. 1. On January 14, 2013, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants Dr. Hale Burnside, the Medical Board of Atlanta, U.S. Magistrate Judge Thomas Langstaff, Judge W. Louis Sands, and U.S. Magistrate Judge Stephen Hyles. Id.

According to the complaint, Dr. Burnside failed to provide Plaintiff with medical treatment for his shoulder injury, skin condition, diabetes, and AIDS. Id. Plaintiff alleged that Dr. Burnside did not order x-rays or MRIs of Plaintiff's left and right rotator cuffs and that Dr.

Burnside did not refer Plaintiff to an orthopedic specialist at Augusta State Medical Prison. Id. In addition, Plaintiff alleged that he has been denied soap and lotion to treat his AIDS-related skin condition and that Dr. Burnside has not referred Plaintiff to either a specialist or a specialty chronic care clinic at Augusta State Medical Prison, even though Dr. Burnside previously referred other inmates diagnosed with AIDS. Id. Plaintiff also alleged that he should receive a special diet of 3,000 calories each day to maintain a healthy weight in light of his AIDS and diabetes. Id. Moreover, Plaintiff complained about how the three named Judges resolved his previous lawsuits filed under 42 U.S.C. § 1983, and Plaintiff complained that the Medical Board of Atlanta allowed Dr. Burnside "to practice torture on Plaintiff." Id.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with his Eighth Amendment claim against Dr. Burnside only. Docs. 7, 13. On May 6, 2013, Dr. Burnside filed his motion to dismiss. Doc. 24. Plaintiff did not file a written response to the motion to dismiss in accordance with the Court's directions. Doc. 25. Instead, Plaintiff filed a motion for protective order, a motion to strike, a motion for summary judgment, and separate briefs in support thereof. Docs. 27, 28, 29, 30, 31, 32. Dr. Burnside responded to Plaintiff's various pleadings. Docs. 35, 36, 39, 40, 41.

DISCUSSION

The Motion to Dismiss argues, *inter alia*, that Plaintiff has abused the judicial process by failing to disclose several prior lawsuits and that Plaintiff has failed to state a claim upon which relief may be granted. Because Plaintiff's failure to disclose numerous previously filed lawsuits on the complaint form represents an abuse of judicial process, and because Plaintiff does not state a deliberate indifference claim upon which relief may be granted under the Eighth Amendment, Plaintiff's only remaining claim against Dr. Burnside must be dismissed.

A. Abuse of Judicial Process

"A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997). A plaintiff providing the Court with incomplete information about his prior litigation history is, in and of itself, a valid ground for dismissing the complaint without prejudice for abuse of judicial process. See Redmon v. Lake County Sheriff's Office, 414 Fed. Appx. 221, 226 (11th Cir. 2011); see also Hood v. Tompkins, 197 Fed. Appx. 818, 819 (11th Cir. 2006). The Court's discretion to dismiss a case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for failing to disclose prior lawsuits has been exercised and upheld by the Eleventh Circuit on multiple occasions. Sheldon v. Rohrs, 406 Fed. Appx. 340 (11th Cir. 2010); Young v. Secretary Florida for Department of Corrections, 380 Fed. Appx. 939 (11th Cir. 2010).

The specific circumstances of this case support the conclusion that Plaintiff's omission of several prior lawsuits represented either bad faith litigiousness or a manipulative tactic designed to avoid the "three strikes" provision of the Prison Litigation Reform Act. Plaintiff undisputedly failed to disclose all of his previous lawsuits on the Court's standard complaint form for prisoners proceeding *in forma pauperis* under 42 U.S.C. § 1983. On the complaint form, Plaintiff answered "yes" when asked whether he had filed other lawsuits in federal court while incarcerated in any institution. The complaint form next directed Plaintiff to describe each previous lawsuit he filed, advising that "[i]f there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline." Plaintiff reported that he filed one lawsuit in the Middle District of Georgia under docket number 1:11-cv-155. Nowhere on the complaint form did Plaintiff disclose or describe any additional prior lawsuits.

According to Dr. Burnside, Plaintiff's statements are dishonest because Plaintiff failed to disclose the following previously filed lawsuits to the Court: (1) a 1995 lawsuit in the Southern District of Georgia under docket number 6:95-cv-141, (2) a 1999 lawsuit in the Southern District of Georgia under docket number 6:99-cv-36, (3) a 2011 lawsuit in the Southern District of Georgia under docket number 4:11-cv-274, which was later transferred to the Middle District of Georgia under docket number 5:11-cv-436, (4) and another 2011 lawsuit in the Middle District of Georgia under docket number 1:11-cv-153. Review of the Court's own records indicates that Plaintiff filed eight lawsuits in the Middle District of Georgia before he filed this case and two more lawsuits in the Middle District of Georgia after he filed this case. In addition, review of the Court's own records indicates that at least one of Plaintiff's previous lawsuits was dismissed for abuse of judicial process based on Plaintiff's failure to disclose his previously filed lawsuits. See Doc. 115 in Adams v. Wesley, 1:11-cv-155 (WLS) (M.D. Ga. 2012).

It is undisputed that Plaintiff failed to disclose his lengthy prior litigation history to the Court. In subsequent filings, Plaintiff offered no persuasive explanation for his failure to disclose several prior lawsuits on the Court's complaint form. After reviewing the evidence provided by Dr. Burnside and the Court's own records, it appears that Plaintiff's omission amounts to "bad faith litigiousness or manipulative tactics." Attwood, 105 F.3d at 613. Because Plaintiff's failure to disclose numerous previously filed lawsuits represents an abuse of judicial process, it is appropriate for the Court to sanction Plaintiff by dismissing this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

B. Failure to State a Claim

   1. *Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679, citing Twombly, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

   2. *Plaintiff's Eighth Amendment Claim*

In this case, Plaintiff fails to state a cognizable Eighth Amendment claim against Dr. Burnside because Plaintiff does not allege sufficiently specific facts to satisfy both the objective component and the subjective component of his deliberate indifference claim.

5

The Eight Amendment prohibits cruel and unusual punishment, but "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." Whitley v. Albers, 475 U.S. 312, 319 (1986). All claims challenging conditions of confinement under the Eighth Amendment mandate that a prisoner demonstrate an "unquestioned and serious deprivation of basic human needs" such as, medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.

In order to establish deliberate indifference to a serious medical need, a prisoner must satisfy both an objective and a subjective component. Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). Regarding the objective component, a prisoner must allege an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) by conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Further, as with any tort claim, a prisoner must show that an injury was caused by the prison official's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

It is not enough to show that the care provided was less than optimal, or that a different course of treatment might have been preferable. A prisoner cannot establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). Such

6

course of treatment claims, by definition, involve the "exercise of professional judgment" and as such are not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976).

Plaintiff fails to state a plausible Eighth Amendment claim because he does not allege facts sufficient to satisfy the objective component of his deliberate indifference claim. Although Plaintiff summarily alleges that he suffers from a shoulder injury, a skin condition, diabetes, and AIDS, he does not include sufficiently specific facts to allow the Court to infer that any of his medical conditions amounted to an objectively serious medical need. "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010), quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). In the alternative, "a serious medical need is determined by whether a delay in treating the need worsens the condition." Mann, 588 F.3d at 1307.

Preliminarily, Plaintiff does not allege that any of his medical conditions had been diagnosed by a physician as requiring treatment or that a lay person easily would have recognized the need for immediate medical attention regarding any of his medical conditions. Although Plaintiff contends that his shoulder injury worsened due to the delay in medical treatment, Plaintiff does not provide any factual allegations whatsoever about when he injured his left and right rotator cuffs, how and when Dr. Burnside learned of Plaintiff's shoulder injury, what medical treatment Plaintiff received after his shoulder injury and from whom, and how Plaintiff's shoulder injury caused the presence of blood under his fingernails, the need for surgery, or a self-diagnosed liver infection at some future date. As such, it is impossible for the Court to evaluate whether the unspecified delay involving Plaintiff's shoulder injury was "tantamount to '[an] unnecessary and wanton infliction of pain.'" Brown v. Hughes, 894 F.2d

7

1533, 1537-1538 (11th Cir. 1990), quoting Estelle, 429 U.S. at 104.

Further, the crux of Plaintiff's allegations about his skin condition, diabetes, and AIDS is that he did not receive the same treatments or referrals that other inmates received. Because Plaintiff does not contend that his skin condition, diabetes, or AIDS worsened due to any delay in medical treatment attributed to Dr. Burnside "the proper test is whether a lay person would easily recognize the need as serious." Youmans, 626 F.3d at 564 n. 8. Stated another way, "the need for immediate medical assistance must have been apparent to the untrained eye of a layperson." Id. There is no basis to conclude that the need for immediate medical assistance must have been apparent to the untrained eye of a layperson here because Plaintiff attributes no injury to the conduct of Dr. Burnside regarding his skin condition, diabetes, or AIDS. As such, Plaintiff fails to provide any specific factual allegations to allow the Court to infer that any of his medical conditions amounted to an objectively serious medical need that, if left unattended, posed a substantial risk of serious harm. See Mann, 588 F.3d at 1307. Therefore, Plaintiff does not satisfy the objective component of an Eighth Amendment claim.

Plaintiff also fails to state a plausible Eighth Amendment claim because he does not allege facts sufficient to satisfy the subjective component of his deliberate indifference claim. Even if the Court assumes that Plaintiff had an objectively serious medical need, Plaintiff does not include sufficiently specific facts to allow the Court to infer that Dr. Burnside had: (1) subjective knowledge of a risk of serious harm; (2) disregarded of that risk; and (3) by conduct that is more than mere negligence. McElligott, 182 F.3d at 1255. Plaintiff does not identify any facts tending to show that Dr. Burnside ordered, condoned, or willfully refused to provide Plaintiff with medical treatment for any of his medical conditions in order to punish Plaintiff. See Taylor, 221 F.3d at 1257. In light of the lack of sufficiently specific factual allegations from

Plaintiff, there is no basis for the Court to infer that Plaintiff had a medical need of which Dr. Burnside was subjectively aware but ignored by conduct that amounts to "more than gross negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010). Therefore, Plaintiff does not satisfy the subjective component of an Eighth Amendment claim.

Insofar as Plaintiff apparently disagrees with the course of his medical treatment at Georgia Diagnostic and Classification Prison, mere disagreement about the course of one's treatment is "a classic example of a matter for medical judgment" that does not give rise to an actionable claim of deliberate indifference. Estelle, 429 U.S. at 107; see also Hamm, 774 F.2d at 1575 ("Although [the prisoner] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). For example, while Plaintiff contends that Dr. Burnside should have ordered x-rays or MRIs of Plaintiff's left and right rotator cuffs, it is well-established that a doctor's medical decision not to order an MRI or similar diagnostic measure does not rise to the level of deliberate indifference. Campbell, 169 F.3d at 1163, quoting Estelle, 429 U.S. at 107. Plaintiff must allege sufficiently specific facts to allow the Court to infer that the response of Dr. Burnside "was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligence in diagnosis or treatment,' or even 'medical malpractice' actionable under state law." Taylor, 221 F.3d at 1258, quoting Estelle, 429 U.S. at 105. Plaintiff wholly fails to do so here.

## CONCLUSION

Because Plaintiff's failure to disclose numerous previously filed lawsuits on the complaint form represents an abuse of judicial process, and because Plaintiff does not state an Eighth Amendment claim upon which relief may be granted, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 24) be **GRANTED** and that Plaintiff's three pending

Motions (Docs. 27, 28, 29) be **DENIED** as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

    **SO RECOMMENDED**, this the 16th day of January, 2014.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge