IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-8 (MTT) |
| | ) | |
| DR. HALE BURNSIDE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

Before the Court is the Plaintiff's "special demurrer motion." (Doc. 57). The Plaintiff contends the Court's Order adopting the Magistrate Judge's recommendation to dismiss his complaint and the subsequent judgment are void and should be set aside. Thus, the Court is construing the motion as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). The Plaintiff has already filed a notice of appeal from the Court's Order. (Doc. 47).[1]

Though filing a notice of appeal normally deprives the district court of jurisdiction over all issues involved in the appeal, the Eleventh Circuit has held that the district court may "retain jurisdiction after the filing of a notice of appeal to entertain and deny a Rule 60(b) motion." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). This is because the Court's action is in furtherance of the appeal. *Id.* However, the Court does not have jurisdiction to grant a Rule 60(b) motion after a notice of appeal has been filed. *Id.* Thus, if the Court is presented with a Rule 60(b) motion after a notice of appeal is filed, the Court must assess the motion's merits. "It may then deny the motion or indicate its

---

[1] After filing the notice of appeal, the Plaintiff also filed a motion for reconsideration, which the Court denied. (Docs. 50; 52).

belief that the arguments raised are meritorious." *Id.* If the Court finds the motion is meritorious, the movant may then petition the Eleventh Circuit to remand the case to confer jurisdiction to grant the motion. *Id.*

Rule 60(b)(4) provides that the Court may relieve a party from a final judgment or order if the judgment is void. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation and internal quotation marks omitted). Most of the Plaintiff's motion is a substantive argument for why his Eighth Amendment claim is meritorious and thus not the proper subject for a Rule 60(b) motion. He is not alleging any newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(2). Additionally, the Plaintiff contends the judgment is void because, as a result of the dismissal, he is unable to have his case tried by a jury. However, "[t]he district court's compliance with and reliance upon the Federal Rules of Civil Procedure does not violate . . . any litigant's constitutional rights." *McWeay v. Citibank, N.A.*, 521 F. App'x 784, 789 (11th Cir. 2013) (citing *Garvie v. City of Ft. Walton Beach*, 366 F.3d 1186, 1190 (11th Cir. 2004) (holding dismissal pursuant to Fed. R. Civ. P. 56 did not violate the Seventh Amendment)).

Because the Court finds the Rule 60(b) motion is without merit, the motion is **DENIED**.

**SO ORDERED**, this 28th day of April, 2014.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT